-----------------------------------------------------------------X

PATRICIA ROGERS,

                 Plaintiff,                    **MEMORANDUM AND ORDER**

         -against-                                        10 CV 5678 (KAM)

GARY WEINBERG,

                 Defendant.

-----------------------------------------------------------------X

MATSUMOTO, United States District Judge:

On December 6, 2010, plaintiff Patricia Rogers filed this *pro se* action against the lawyer who represented her in a civil action in Queens County. Plaintiff paid the requisite filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## BACKGROUND

It appears from the complaint and attached documents that plaintiff was also the plaintiff in a civil action in the New York Supreme Court, Queens County, in which she was represented by the defendant, Gary Weinberg. She attaches a signed release from that case indicating that she was to receive a $30,000 settlement. (Complaint at 4.)[1] She also includes a copy of the settlement check payable to the order of "Patricia Rogers and Gary R. Weinberg, P.C., as Attorney." (Complaint at 8.) Defendant requested that she authorize him to endorse the check and deposit it in his escrow account, but plaintiff refused to sign the authorization form. (Complaint at 1, 6.) Plaintiff alleges that defendant nonetheless cashed the check and deposited it into the escrow account. (Complaint at 1.) She does not indicate whether she received her

---

[1] The complaint is two pages long, followed by six pages of unlabeled and unnumbered attachments. Accordingly, the court refers to the page numbers assigned by the Electronic Case Filing System.

share of the settlement proceeds. She attaches a letter, dated October 7, 2010, from the State of New York Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts. The letter states that the Grievance Committee has investigated her complaint against an attorney, "determined that there was no violation of the rules and laws governing attorney conduct," and dismissed the complaint. (Complaint at 9.)

Plaintiff alleges that defendant "denied me the rights as his client to come into his office to sign the check." (Complaint at 1.) She does not allege any source of such an entitlement nor assert any other basis for her claim. She seeks $1 million in punitive damages.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent

power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Plaintiff identifies her complaint as "a 'Federal Question' case," but she does not identify any federal law under which it might arise. Her concern appears to be a dispute with her lawyer in a state court case over the process for disbursing settlement funds and his authority to sign a check with both of their names on it. These allegations do not raise any issue of federal law that could confer federal subject matter jurisdiction over this action. Nor may the Court exercise subject matter jurisdiction over this action on the basis of diversity of citizenship, as both parties are residents of New York State. As plaintiff neither raises a question of federal law, nor asserts

3

a basis for diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

## **CONCLUSION**

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
December 20, 2010